DATE;MAY/10/2010.

RECEIVED MAILROOM

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

FROM ;GUADALUPE RIZO.
    ALEXANDRIA,DETENTION CENTER
    2001 MILL ROAD,   22314

TO;CLERK OF COURT
    U.S DISTRICT OF VIRGINIA
    EASTERN DISTRICT OF VIRGINIA.
    401 COURTHOUSE SQUARE
    ALEXANDRIA, VIRGINIA 22314

RE; CASE No #  1: 10CR00050 - 001
    NOTICE OF APPEAL PERSUANT TO 18 USC 3742.

DEAR;CLERK

    PLEASE BE ADVISED THAT;I'AM NOTIFYING THE DISTRICT COURT THAT ,I WOULD LIKE TO APPEAL THE SENTENCE HANDED DOWN BY JUDGE Claude M. Hilton IN THE ABOVE REFERENCED CASE ON MAY /7/2010,ALSO NOTE THAT I DO NOT HAVE AN ATTORNEY TO REPRESENT ME BY ALLMEANS YOUR ASSISTANCE IN NOTIFYING ALL PARTIES CONCERNED WOULD BE APPRECIATED


RESPECTFULLY

*[signature]*

**NOTICE OF APPEAL FORM**

DEFENDANT Pursuant Fed.R.App.P.4(b)(A)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (I) entry of either the judgment of the order being appealed or ... Fed.R.App.P. 4(b)(6)("A judgment of order entered...when it is entered on the criminal docket.") Defendant pursuant Rule 5A:6(A) File Notice of Appeal in Trial Court, under the Rule of the Supreme Court of Virginia

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA

COMMONWEALTH OF VIRGINIA v.JOSE RAMIREZ GUADALUPE RIZO

Hereby appeals the Court of Appeals of Virginia from the JUDGMENT ORDER of this court entered on 5/7/2010. File Petition for Appeal with Clerk sec. 19.2-325

Please check if:

{x} Notice of appeals filed with District Court following district court accepting plea agreement on February 19, 2010, pursuant to section 3742 Review of a sentence

© Plea agreements. In the case of a plea agreement that includes a specific sentence under rule 11 (e) (1) (c)of the Federal Rules of Criminal Procedure

(1) defendant may file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement.

{X} (d) Record on review.

If a notice of appeal is filed in the district court pursuant to subsection (a) or (b), the clerk shall certify to the court appeals

(1) that portion of the record in the case that is designated as pertinent by either of the parties;

(2) the presenters report; and

(3) the information submitted during the sentencing proceeding.

(1)

{x} The filing of the notice of appeal from such order does not automatically divest the the district court of jurisdiction to proceed with the cause with respect to any matter not involve in the appeal. That which is contemplated by sec. 3742 (e) consideration. Upon review of the record, the court of appeals shall determine whether the sentence

(1) was imposed as a result of an incorrect application of the sentencing guidelines.

(3) is outside the applicable guidelines range, and

(A) the district court failed to provide the written statement of reasons required by section 3553(c);

(B) the sentence departs from the applicable a factor that

(I) does not advance the objectives set forth in section 3553(a)(2); or

(ii) is not authorized under section 3553 (b); or

(iii) is not justified by the facts of the case; or

(c) the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553 (a) of this title and the particular sentence, as stated by the district court pursuant to the provisions of section 3553 ©; or

{x} (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous under subsection (3)(A) or (3)(B), shall give due deference to the district court's application of the guidelines to the facts. With respect to determination under subsection (3)(A) the court of appeals shall review de novo the district court's application of the guidelines to the facts.

(2)

## CERTIFICATE

The undersigned certifies as follows: Certification of Appellate Action and Entry on Order Book of Trial Court sec. 19.2-327

(1) The name(s) and address of appellant(s) are: JOSE RAMIREZ GUADALUPE RIZO

Alexandria City Detention Center

2003 Mill Road

Alexandria Virginia 22314

{x} Appellant(s) is (are not represented by counsel, in the absent of performed of counsel represented the Appellant pro se should be allowed a indigence provided Therefore the Appellant(s) form pauperize status so he may access the court as an indigent Appellant(s) under Aid to Indigent sec. 19.2-325 and 326

Dated: 5/10/2010.

_____
Signature of Appellant(s)

(3)

PETITIONER WAS NOT ADVISED OF THE POSSIBLE PENALTIES, I WAS NOT ADVICED OF MY RIGHT TO BE PRESENT IT IS AXIOMATIC THAT GUILTY PLEA,MUST BE AN INFORMED AND INTELLIGENT DECISION OF THE DEFENDANT (BOYKIN V. ALABAMA)395 U.S. 238, 242, - 23 L, -ED,2D 274 - 89 S. CT.- 1709-(1969) THE DEFENDANT MUST BE ADVISED OF CRITICAL ELEMENTS OF THE OFFENSE TO WHICH HE IS PLEADING GUILTY (HENDERSON V. MORGAN) 426-U.S. 637 -49 L, ED, 2D -108, 96-CT 2253- (1976)- AND THE ACCUSED MUST BE ADVISED OF HIS PLEA SEE (MANTEY V. U.A., 588 F,2D 1364 (PATUXENT INSTITUTION) 475-,F,2D 1364 (4TH CIR1978) CUTHRELL V. DIRECTOR . A GUILTY PLEA MUST ALSO BE VOLUNTARY IN THAT IT (748 F,SUPP 429)A VOLUNTARY AND INTELLIGENT CHOICE AMONG THE ALTERNATIVE COURSES OPEN TO THE DEFENDANT (NORTH CAROLINA V. ALFORD ,400 -U.S. -25,31,27 L, ED,STATEMENTS OF THE ACCUSED MADE AT ARRAIGNMENT WHICH FACTUALLY DEMOSTRATE THE VALIDITY OF HIS PLEAS ARE CONCLUSIVE ADSENT SOME COMPELLING REASON WHY THEY SHOULD NOT BE SOUCH AS INEFFECTIVE ASSISTANCE OF COUNSEL, ( VIA V. SUPERRINTENDENT)POWHATAN CORRECTIONAL CENTER, 643 F, 2D 167 (4TH CIR,1981)MOREOVER ,PETITIONER DEMOSTRATE THAT HIS ATTORNEYS WERE INFFECTIVE IN URGING HIM TO PLEAD GUILTY PREJUDICE IS THE CRITICAL QUESTION IN THIS PETITION. PETITIONER ARGUES THAT ONCE HAD A RIGHT , ENMANATING FROM THE SIXTH AMMENDMENT'S RIGHT TO EFFECTIVE REPRESENTATION ,TOBE APPROPRIATELY COUNSELED ABOUT THE CONSEQUENCEES OF ACCEPTING OR REJECTING THE PLEA .COUNSEL'S FAILURE TO ADVISE HIM PROPERLY ,PETITIONE SUDMITS AMOUNTS TO PREJUDICE WITHING THE MEANING OF THE SIXTH AMMENMENT, ATB LEEAST ONE COURT ,(PEPLE V. CURRY) 178 -111 2D 509, 687, N,E, 2D 877 111. DEC. 395 (111, 1997)IN CONCLUDING THAT PETITIONER HAD SUFFERED A SIXTH AMMENMENT VIOLATION.PETITIONER'S ARGUMENTS TURN ON QUESTIONS OF LAW ,WHICH APPELATE COURT REVIEW UNDER THE FIRST PRONG OF STRICKLAND COUSEL'S PERFORMANCE IS MEASURED AGAINST WHAT "AN ADJECTIVELY REASONABLE ATTORNEY WOULD HAVE DANE UNDER THE CIRCUNTANCES EXISTING AT THE TIME OF THE REPRESENTATON. (SAVINO V. MURRY 82 F, 3D 593, 599 (4TH CIR, 1996)ASSESSING COUNSEL'S PEFORMANCE REQUIRES VIEWING INDULGING A(STRONG PRESUNTION THA COUNSEL'S CHALLENGED CONDUCT FALLS WITHIN THE WIDE RANGE OF REASONABLE PROFESINAL ASSISTANCE DEMANDING STANDARD THAT REQUIRES SHOWING THE (GROSS INCOMPETENCE)OF DEFENCE COUNSEL (KIMMELMAN V. MORRISON,) 477- U.S. 366 381- 82- 106,-S. CT, 257 ,91 L, ED 2D 305 (1986)
APPELATE COURT ADDRESS PETITIONER'S ARGUMENT THAT THE (GROSS INCOMPETENCE)OF THE DEFENCE COUNSEL